IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIAVASH KASRAVI <br>     Petitioner, <br><br> v. <br><br> Robert S. MUELLER, <br>     Director, Federal Bureau of <br>     Investigation <br><br> Michael CHERTOFF <br>     Secretary of Department <br>     of Homeland Security, <br><br> Alberto GONZALES, <br>     United States Attorney General, <br>     and <br><br> Sharon HUDSON, <br>     District Director - U.S. <br>     Citizenship & Immigration Services, <br><br>     Respondents | Civil Action No. _____ |

## PETITIONER'S FIRST ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS

COMES NOW Kiavash Kasravi, Petitioner in the above captioned case, and alleges and avers as follows:

1. This action is brought against the Respondents to compel action on an Application for Naturalization properly filed by the Petitioner on September 2, 2004. The petition and application were filed with and remain within the jurisdiction of the Respondents, who have improperly withheld action on said application to the detriment of the Petitioner.

1

## PARTIES

2. Petitioner is a 33 year old native and citizen of Canada. He became a legal permanent resident on October 22, 1988. He then applied for US citizenship by filing an application for naturalization on September 2, 2004 with the Houston, Texas district office of the U.S. Bureau of Citizenship and Immigration Services. He currently lives at 2343 South Blvd, Houston, TX 77098.

3. Respondent Robert S. Mueller III is sued in his official capacity as Director of the Federal Bureau of Investigations ("FBI"). As Director of the FBI, Mr. Mueller is responsible for conducting both criminal record checks and the National Name Check Program ("NNCP"). The NNCP disseminates information from the FBI's Central Records System in response to requests submitted by federal agencies. In particular, the FBI supplies USCIS with information about applicants seeking benefits under the immigration laws of the United States.

4. Respondent Michael CHERTOFF is the Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. Effective March 1, 2003, the Department of Homeland Security assumed responsibility for the functions of the agency formerly known as the "Immigration and Naturalization Service." The Secretary of the Department of Homeland Security ("DHS") is now vested with "[a]ll authorities and functions of the Department of Homeland Security to administer and enforce the immigration laws." 8 C.F.R. §2.1(a).

5. Respondent Alberto GONZALES is the Attorney General of the United States, and this action is brought against him in his official capacity. The Federal Bureau of Investigation ("FBI"), which is housed within the Department of Justice and subject to the authority of the Attorney General, is responsible for certain background checks required for naturalization.

6. Respondent Sharon HUDSON is the Director of the Houston, Texas district office of the U.S. Citizenship and Immigration Services ("CIS"), a bureau within the Department of Homeland Security responsible for accepting and adjudicating applications for naturalization, and is generally delegated by the Secretary of the DHS with supervisory authority over all operations of the CIS within their district. 8 C.F.R. §§1.1(o), 2.1. As will be shown, Respondent Sharon HUDSON is the official with whom Petitioner's application for naturalization was properly filed and remains pending.

## JURISDICTION

7. Jurisdiction in this case is proper under 28 U.S.C. §1331 because the application for United States citizenship is a "federal question," and such court has jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

8. Moreover, jurisdiction exists under 28 U.S.C. §1361 because the Petitioner seeks relief in the form of mandamus to compel an agent or agents of the United States government to perform a duty owed to Petitioner. This lawsuit is to redress the

        deprivation of rights, privileges and immunities secured to Petitioner, to compel Respondents to perform duties owned to Petitioner.

9. Jurisdiction is also proper because Petitioner is requesting the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). The Petitioner is aggrieved by adverse agency action in this case.

10. Finally, Petitioner seeks costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. S 504, and 28 .S.C. 2412(d).

11. Relief is requested pursuant to all of the said statutes.

## VENUE

12. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, and is brought in the district were a Respondent resides and where a substantial part of the events giving rise to Petitioner's claim occurred. Specifically, Petitioner's application for naturalization was properly filed with, and to Petitioner's knowledge, remains pending with the Houston, Texas CIS District Director, a Respondent herein.

## EXHAUSTION OF REMEDIES

13. Petitioner has exhausted his administrative remedies. Petitioner has made numerous inquiries concerning the status of his application but to no avail.

4

14. Petitioner has no other remedy available to address the harm that he has suffered – the failure of Respondents to adjudicate her application for naturalization in a timely manner.

## FACTS

15. Petitioner applied to become a United States citizen under 8 U.S.C. §1427(a)(1) by filing Form N–400 with the USCIS on September 2, 2004. (Exhibit A)

16. On January 25, 2005, Petitioner was examined by DHS Officer Gary Motes.

17. At that time, Petitioner fulfilled all necessary requirements to obtain US citizenship, such as the residency requirement pursuant to 8 U.S.C. § 1427 (a), demonstrated an understanding of English language pursuant to 8 U.S.C. § 1423(a)(1), and demonstrated sufficient knowledge of American history and US government pursuant to 8 U.S.C. §1423(a)(2)

18. Petitioner was then told to wait for the Oath ceremony. In fact, on the interview sheet, Officer Motes wrote down "Mar 16" as being the possible next date for the oath ceremony to become a US citizen. (Exhibit B)

19. On the same day, Officer Motes gave Petitioner written directions and a map to the Naturalization Ceremony. (Exhibit C)

20. Petitioner waited almost one more year.

21. On December 12, 2005, Petitioner asked about the status of his case and when the oath ceremony would be scheduled.

5

22. In response, he was informed for the first time that the required investigation remained "open." (Exhibit D) Petitioner then waited another year.

23. Again, on August 22, 2006, Petitioner sent another inquiry about the status of his file. (Exhibit E). However, to date, there has been no response from any of the Respondents.

24. Petitioner has clearly exhausted his administrative remedies as formal requests and inquiries to the agency have been futile.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Mandamus (28 U.S.C. § 1361)
### (Abuse of Process – Failure to perform duty)

25. Petitioner re-alleges and incorporates by reference paragraphs 1 to 24 as set forth above.

26. "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

27. Petitioner filed his application for naturalization on September 2, 2004.

28. At his examination, Petitioner was informed that his naturalization application had been approved and that his oath ceremony would be scheduled for March 16, 2005.

29.  Since that time, Petitioner has not been notified of the date of the oath ceremony and his application remains pending.

30.  Respondents are officers, employees and/or agents of the United States government.

31.  Respondents have a duty to timely complete the processing of Petitioner's application for naturalization.

32.  As shown above, Petitioner has demanded relief.

33.  Respondents' have sufficient information to determine Petitioner's eligibility pursuant to the applicable requirements.

34.  To date, such agents have failed to perform such duty.

35.  To date, such agents have failed to produce any legal basis for failure to proceed with Petitioner's case.

36.  To date, Petitioner's application remains un-adjudicated.

Wherefore, Petitioner seeks relief in the form of mandamus to compel an agent or agents of Respondents to process his application for naturalization within 125 days.

## SECOND CAUSE OF ACTION
## Mandamus (28 U.S.C. § 1361)
## (Abuse of Process – Unreasonable Delay)

37. Petitioner re-alleges and incorporates by reference paragraphs 1 to 36 as set forth above.

38. Petitioner filed an application for naturalization on September 2, 2004. He completed his examination with Respondent USCIS on January 25, 2005.

39. On January 25, 2005, Petitioner was informed by an officer of Respondent USCIS that he had been approved for naturalization and that his oath ceremony would probably be on March 16, 2005.

40. Petitioner has been waiting for more than two years from the date that he expected to be sworn in as a US citizen.

41. Such delay constitutes unreasonable delay.

42. Respondents have sufficient information to determine Petitioner's eligibility pursuant to the applicable requirements.

43. This amount of time is excessive, and far beyond normal processing times for a naturalization application in the Houston USCIS district.

44. Despite written attempts to obtain a date for his oath ceremony following the interview date of January 25, 2005, Respondents first misled Petitioner into believing that his application had been approved and second, failed to complete

the processing of Petitioner's application for naturalization within a reasonable time.

45. As a result of Respondents' unreasonable delays, Petitioner has been unable to register to vote in elections, unable to sponsor his aging father as a US citizen so that the father can receive his US-based retirement fund, and has been otherwise denied the various benefits of United States citizenship that are often taken for granted.

46. Respondents' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.

47. Petitioner has demanded such relief.

48. To date, no such action has been taken.

Wherefore, Petitioner seeks relief in the form of mandamus to compel an agent or agents of Respondents to process his application for naturalization within 125 days.

### THIRD CAUSE OF ACTION
### Violation of Administrative Procedures Act (5 U.S.C. §706(1)).

49. Petitioner re-alleges and incorporates by reference paragraphs 1 to 48 as set forth above.

50. Petitioner filed an application for naturalization on September 2, 2004, and had his interview with Respondent USCIS on January 25, 2005, where he was informed that his application had been approved and that his oath ceremony would probably take place on March 16, 2005.

51. As of the date of the filing of this petition, such application has not been processed by any of the respondents.

52. The APA empowers the reviewing court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1)  Petitioner pleads the APA as a basis of jurisdiction in conjunction with 28 U.S.C. §1331 because the application for United States citizenship is a "federal question."

53. Agency action of the FBI is required to complete the name check of Petitioner.

54. Agency action of USCIS is required in order to process Petitioner's application for naturalization.

55. Respondents have sufficient information to determine Petitioner's eligibility pursuant to the applicable requirements.

56. The delay of more than two years since the date that Petitioner was told he would be sworn in as a US citizen constitutes an unfair and unreasonable delay.

57. This amount of time is excessive, and far beyond normal processing times for a naturalization application in the Houston USCIS district.

58. The Respondents' first misinforming, then unreasonably delaying or withholding action on Petitioner's application and by their failure to carry out the adjudicative functions delegated to them by law with respect to his case, are in clear violation of the Administrative Procedures Act, codified at 5 U.S.C. §706(1).

59. As a result of Respondents' unreasonable delays, Petitioner has been unable to register to vote in elections, has been unable to sponsor his aging father whose access to his US-based retirement fund depends on his naturalization as a US citizen, and has been otherwise denied the various benefits of United States citizenship that are often taken for granted.

60. Petitioner has demanded such relief. To date, he has received no action.

Wherefore, Petitioner seeks relief in the form of mandamus to compel an agent or agents of Respondents to process his application for naturalization within 125 days.

## FOURTH CAUSE OF ACTION
### Attorney's Fees (Equal Access to Justice Act, 28 U.S.C. § 2412(d).

61. Petitioner re-alleges and incorporates by reference paragraphs 1 to 60 as set forth above.

62. "[A] court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412.

63. It is clear that respondents have failed – without any legal or factual basis -- to act on Petitioner's application for naturalization.

64. Such failure has resulted in Petitioner's having been forced to retain the services of an attorney to pursue the instant action, in addition to other costs and expenses incurred.

65. Petitioner, as the prevailing party, in the instant action is clearly entitled to reasonable attorney's fees and associated costs.

Wherefore, Petitioner respectfully requests that the Court award reasonable attorneys' fees and costs to Petitioner.

## PRAYER

WHEREFORE, in light of the arguments and authorities noted herein, Petitioner respectfully requests that Respondents be cited to appear herein and that, upon due consideration, this Court enter an order:

(a) Issuing a Writ of Mandamus compelling:

(i) Respondents FBI and DOJ to immediately process and adjudicate Petitioner's Application for Naturalization within 125 days.

(ii) Respondent USCIS to explain the misinformation that was given to Petitioner on January 25, 2005.

(iii) Respondent USCIS and DHS to immediately follow up with the FBI if the criminal record check and name check clearances are not

received -- within 30 days of the time that Respondent FBI was ordered to do so by the Court;

(b)　Awarding reasonable attorneys' fees and costs of court to Petitioner pursuant to the Equal Access to Justice Act.

(c)　Denying any motion to dismiss the present case until Respondents have shown to the full satisfaction of the Court and Petitioner that all relief sought has been executed.

(d)　Order that Respondents stipulate that they will not seek rescission of Petitioner's status as US citizen unless it obtains new information not in its possession at the time of adjustment.

(f)　Granting any such other and further relief to which Petitioner may be entitled at law or in equity as justice may require.

Respectfully submitted,

QUAN, BURDETTE & PEREZ, P.C.

_____
Naomi Jiyoung Bang
ATTORNEY IN CHARGE
Texas State Bar No. 24054931
SDTX No. 24054931
Attorney for Petitioner
Quan, Burdette & Perez, P.C.
5177 Richmond Ave., Suite 800
Houston, Texas 77056
(713) 625-9220 Telephone
(713) 625-9292 Facsimile

<u>Of counsel</u>:
Quan, Burdette & Perez, P.C.
5177 Richmond Ave., Suite 800
Houston, Texas 77056
(713) 625-9220 Telephone
(713) 625-9292 Facsimile